FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 28  AM 11: 03

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY WAYNE SMITH | CIVIL ACTION |
| VERSUS | NO. 04-1176 |
| CHARLES C. FOTI, ET AL. | SECTION "F" (3) |

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Wayne Smith, a prisoner incarcerated in Texas, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against former Orleans Parish Criminal Sheriff Charles C. Foti, Chief Rudy Belisle, Orleans Parish District Attorney Eddie Jordan, and Orleans Parish Criminal District Court Magistrate Judge Gerard Hansen. In his complaint, plaintiff claims that he was illegally detained too long while awaiting extradition to Texas on an alleged parole violation. In an amended complaint, plaintiff added additional claims concerning the conditions of his confinement in the Orleans Parish Prison system during that period of detention. On April 20, 2005, all of plaintiff's claims were dismissed except for his false imprisonment claims against former Sheriff Charles C. Foti and Chief Rudy Belisle.[1]

---

[1] Rec. Doc. 20.

Foti and Belisle have filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56,[2] which plaintiff opposed.[3] Defendants then filed a brief in reply to plaintiff's opposition,[4] to which plaintiff also responded.[5]

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." <u>Taita Chemical Co., Ltd. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); <u>see also</u> <u>Provident Life and Accident Ins. Co. v. Goel</u>, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

---

[2] Rec. Doc. 19.

[3] Rec. Docs. 22 and 23.

[4] Rec. Doc. 26.

[5] Rec. Doc. 27.

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In this lawsuit, plaintiff claims that he was arrested on February 8, 2003, based on an outstanding warrant for a parole violation. He was detained for sixty-seven days within the Orleans Parish Prison system awaiting extradition to Texas. Plaintiff contends that under Louisiana law he should have been held only thirty or, at most, sixty days for extradition. He further alleges that any delays in extraditing him were unjustified, in that he signed a waiver of extradition as a condition of his release on parole. Plaintiff alleges that a probable cause hearing was held in mid-April, 2003,

and that he was then released several days later without explanation.[6] Plaintiff stated that he is suing former Sheriff Foti and Chief Rudy Belisle because they were in charge of the Orleans Parish Prison system and ignored plaintiff's complaints that he was being held illegally.

In support of their motion for summary judgment, defendants have provided a copy of a minute entry dated April 15, 2003, which indicates that, on that date, Orleans Parish Criminal District Court Magistrate Judge Gerard Hansen ordered that plaintiff "be released from custody without delay" with respect to his detention on the out-of-state warrant.[7] In connection with their brief in reply to plaintiff's opposition, defendants also provided a copy of the docket master in plaintiff's state proceeding.[8] That docket master reflects that plaintiff first appeared before Magistrate Judge Hansen on February 9, 2003, and no bond was set. The docket master reflects no entries between February 9 and April 15, 2003, regarding the setting of bond or plaintiff's continued detention. Defendants argue that they were without legal authority to release plaintiff prior to Magistrate Judge Hansen's order on April 15, 2003, and that they released plaintiff within one day of that order.

Plaintiff does not dispute defendants' contention that he was not ordered released by Magistrate Judge Hansen until April 15, 2003. Rather, plaintiff's argument is that he should have been released by Foti and Belisle, of their own accord, prior to Magistrate Judge Hansen's order.

---

[6] He was arrested again in Jefferson Parish in December 2003, and he was extradited to Texas where he currently remains incarcerated based on a parole violation.

[7] Rec. Doc. 19, Exhibit A.

[8] Rec. Doc. 26, Exhibit A.

4

Defendants take the position that they had no authority to release plaintiff, and plaintiff has not established otherwise. As keeper of the parish jail, the sheriff has the obligation to detain arrested persons awaiting judicial proceedings. The sheriff may, of course, release persons who have posted a legal bond or who have been ordered released by a court. However, this Court is aware of no authority which allows a sheriff or warden, based solely on his personal interpretation of a statute, to release a lawfully arrested person in the midst of ongoing criminal proceedings absent the posting of bond or a court order directing release.

Plaintiff also faults Foti and Belisle for not investigating the matter further and taking actions necessary to secure his release. However, if defendants had investigated further, that investigation would simply have revealed that plaintiff had been arrested on an out-of-state warrant and was involved in ongoing criminal proceedings before Magistrate Judge Hansen, who had neither set bond nor ordered plaintiff's release. The investigation, therefore, would not have lead to plaintiff's release. Moreover, it was not the role of Foti and Belisle to act as plaintiff's advocate in the criminal proceedings to secure his release.

The bottom line in this case is that plaintiff remained detained under the authority of Magistrate Judge Hansen, whose orders Foti and Belisle were bound to follow. If mistakes were made regarding the length of plaintiff's detention, *which is an issue this Court need not and does not reach,* any such mistakes were made by the district attorney and the magistrate judge. However, as noted in previous opinions in this case, the district attorney and the magistrate judge are protected from plaintiff's claims by absolute immunity. The mere fact that the law prevents plaintiff from recovering monetary damages from those individuals does not mean that he is therefore entitled to

recover from Foti and Belisle, who were only fullfilling their duties and who have not violated plaintiff's constitutional rights.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion for summary judgment filed by former Sheriff Charles C. Foti and Chief Rudy Belisle be **GRANTED** and that the false imprisonment claims against those defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of June, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**